1  Dean P. Sperling, Esq.
   State Bar No. 82936
2  LAW OFFICE OF DEAN P. SPERLING
   201 East Sandpointe, Suite 220
3  Santa Ana, California  92707-5742
   Telephone (714) 438-8090
4

5  Glenn Smith, Esq.
   State Bar No. 162723
6  LAW OFFICES OF GLENN R. SMITH
   28626 Brookhill Road
7  Trabuco Canyon, CA, 92679-1163
   Telephone (949) 709-7164
8
   Attorneys for Plaintiff ULTERA SYSTEMS, INC., a California corporation
9

10 Lawrence C. Ecoff, Esq.
   State Bar No. 143814
11 ECOFF, LAW & SALOMONS
   280 South Beverly Drive, Suite 504
12 Beverly Hills, California 90212
   Telephone: (310) 887-1850
13 Fax No. (310) 887-1855

14 Attorneys for Defendant/Counter-Plaintiff
   ADVANCED MECHATRONIC SERVICES, INC.
15
                    UNITED STATES DISTRICT COURT
16
               FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
                    SOUTHERN DIVISION - SANTA ANA
18

19 ULTERA  SYSTEMS,  INC.,  a  California )  CASE NO. CV07-415-DOC-MLGx
   corporation,                          )
20                                        )  ORDER ON STIPULATION
                      Plaintiffs,         )  FOR PROTECTIVE ORDER
21                                        )
           vs.                            )
22                                        )
   ADVANCED  MECHATRONIC  SERVICES,       )
23 INC. a Texas corporation; DOES 1 through 50, )
   inclusive,                             )
24                                        )
                                          )
25                     Defendants.         )
   _____    )
26                                        )
   Related Counter-Claim                  )
27                                        )
   _____    )
28

                                1

**TO THE HONORABLE DAVID O. CARTER, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.**

Plaintiff/Counter-Defendant, ULTERA SYSTEMS, INC., a California corporation ("Ultera") and Defendant/Counter-Claimant, ADVANCED MECHATRONIC SERVICES, INC., a Texas corporation ("Advanced"), by and between their respective counsel of record, and pursuant to Rule 26(c) of the <u>Federal Rules of Civil Procedure</u>, stipulate and agree as follows:

**Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, including any non-parties who receive a subpoena in connection with this action or who otherwise respond to discovery requests made in this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents (including electronic data and documents), deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party or a non-party as "Confidential Information" or "Confidential Attorneys Eyes Only Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation shall mean that the document or information is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorneys Eyes Only" designation shall mean that the document or information is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret or commercial information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorneys Eyes Only Information does not include, and this Protective Order shall not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by conspicuously placing on each document and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorneys Eyes Only Information by conspicuously placing on each document and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

5. Documents to be inspected shall be treated as Confidential Attorneys Eyes Only Information during inspection and until such time as documents selected for copying and production are received. Prior to producing copies of such inspected documents, the producing party shall mark confidential documents with the appropriate Confidential Information or Confidential Attorneys Eyes Only Information designation.

///

2

6.      Documents produced by a non-party will be provisionally maintained as Confidential Attorneys Eyes Only Information by the requesting party. A party receiving this production has seven (7) days from receipt to provide a higher-than-original designation to one or more documents from the production, including designations as Confidential Information or Confidential Attorneys Eyes Only Information. All documents not so designated within seven (7) days from receipt will be as originally designated by the non-party.

7.      A designating party who wishes to designate deposition testimony as confidential shall state on the record when questions posed require the disclosure of Confidential Information or Confidential Attorneys Eyes Only Information covered by the terms of this Order or shall notify the other parties in writing of the portions of such testimony to be so designated within seven (7) business days of the receipt of the transcript. Until the end of this seven (7) business day period, the transcript is deemed to contain Confidential Attorneys Eyes Only Information and may only be viewed by the witness and those permitted in paragraph 13.  Any deposition transcript or testimony that is designated as Confidential Information should be labeled in a visible manner as CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER and any deposition transcript or testimony that is designated as Confidential Attorneys Eyes Only Information should be labeled in a visible manner as CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER.  Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

8.      It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**<u>Inadvertent Failure to Designate</u>**

9.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity.  The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

(a)      Inadvertent failure to designate information as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within seven (7) business days of the discovery of the inadvertent failure and no later than 5 (five) business days after the close of discovery. At such time, all inadvertently produced information shall be considered Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order and the designating party shall make arrangements to appropriately legend the material in accordance with this Order. The receiving party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the receiving party was placed on notice of the designating party's claims of confidentiality of any information therein. The receiving parties promptly shall use reasonable efforts to collect and destroy any unlegended copies.

(b)      The inadvertent production of privileged material shall not be deemed a waiver of any applicable privilege, including but not limited to the attorney-client privilege or attorney-work product doctrine, concerning any such material or the subject matter thereof if a request for return of such material is made within seven (7) seven business days after a party learns of its inadvertent production and no later than five (5) business days after close of discovery.  Upon written request by the inadvertently

3

producing party, the recipient party shall (even if the recipient party disagrees that the document is privileged) return all copies of the document or file a motion to obtain a ruling from the Court regarding the claim of privilege within seven (7) business days of the request to return.  While the motion is pending, the recipient party shall not use the document or the information contained therein for any purpose except the motion until further order of the Court.  The receiving party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the receiving party was placed on notice of the designating party's claims of attorney-client privilege or work product doctrine of any information therein with respect to such documents or subject matter.

          (c)     Nothing in the preceding paragraph shall preclude a receiving party from thereafter challenging a producing party's designation of a returned document as protected by the attorney-client privilege or the attorney work-product doctrine and seeking an order compelling the document's production.  In the event of a challenge, the receiving party may use the substantive content of the allegedly inadvertently produced document to dispute its status as privileged or exempt from production.

## Challenge to Designations

        10.     A party may challenge a producing party's confidentiality designation at any time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party shall then have five (5) business days after receipt of a challenge notice to advise the receiving party(ies) whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this five (5) business day timeframe, and after the conference required under the local rules of this Court, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect, and the information shall continue to be accorded the confidential treatment required by this Protective Order.

///

## Disclosure and Use of Confidential Information

        11.     Information designated as Confidential Information or Confidential Attorneys Eyes Only Information may only be used for purposes of preparation, trial and appeal of this action.  Confidential Information or Confidential Attorneys Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing or for product design.

        12.     Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:  (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) outside counsel for the receiving party; (c) supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (d) independent experts or consultants who are not regularly employed by the receiving party, but are specially employed for purposes of this litigation; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and Court personnel.  Prior to providing any Confidential Information to the persons identified in this paragraph, counsel for the receiving party shall ensure that such persons are informed of the terms of this Protective Order and shall provide a copy of this Protective Order to such persons.

        13.     Confidential Attorneys Eyes Only Information may be disclosed by the receiving party only to the following individuals: provided that such individuals are

4

informed of the terms of this Protective Order (a) outside counsel for the receiving party who are authorized to represent a party in this action "outside counsel"; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) independent experts or consultants who are not regularly employed by or affiliated with the receiving party except as specially employed for purposes of this litigation; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (e) the Court and Court personnel. Prior to providing any Confidential Attorneys Eyes Only Information to the persons identified in this paragraph, counsel for the receiving party shall ensure that such persons are informed of the terms of this Protective Order and shall provide a copy of this Protective Order to such persons.

14.     Further, prior to disclosing Confidential Attorneys Eyes Only Information to a receiving party's proposed expert or consultant, the receiving party shall provide to the producing party, and any other party named as a plaintiff or defendant in this action, the following information:

(a)     a signed Confidentiality Agreement in the form attached as Exhibit A;

(b)     the curriculum vitae of the proposed expert or consultant;

(c)     a current resume for the proposed expert or consultant;

(d)     the expert or consultant's business affiliation;

(e)     business address;

(f)     business title;

(g)     business or profession;

(h)     any previous or current relationship (personal or professional) with any of the parties; and

(I)     any current relationship (personal or professional) with other companies in the industry of manufacturing and/or marketing of office products.

///
///
///

15.     The producing party shall thereafter have five (5) business days from receipt of the Confidentiality Agreement to object to the disclosure of confidential information to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the reasons for objection. Failure to object within five (5) business days shall constitute approval. If the parties are unable to resolve any objection, the producing party may apply to the presiding judge to resolve the matter. There shall be no disclosure to any proposed individual during the five (5) business day objection period, unless that period is waived by the producing party or, if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion. Nothing herein shall limit a party's ability to challenge the qualifications of any testifying expert.

16.     Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**Non-Party Information**

17.     The existence of this Protective Order shall be disclosed to any non-party or other person or entity producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person or entity may designate documents, tangible things or testimony as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order.

5

Filing Documents With the Court

18.     In the event that any party wishes to submit Confidential Information or Confidential Attorneys Eyes Only Information to the Court, such a submission shall be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

///

**CONFIDENTIAL INFORMATION**
[caption]
This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.

**No Prejudice**

19.     Designating or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information or Confidential Attorneys Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

20.     Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing or disclosing party all materials and documents containing Confidential Information or Confidential Attorneys Eyes Only Information, and to certify to the producing or disclosing party (upon written request by the producing or disclosing party) that all such materials have been destroyed or returned.   However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings**

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another action.  Any person or party subject to this Protective Order that may be subject, in another action, to a motion to compel disclose or other discovery disclosure obligation regarding information of another that has been designated as Confidential Information or Confidential Attorneys Eyes Only Information pursuant to this Protective Order, shall promptly notify that other person or party of the motion so that he/she/it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

22.     This Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person(s) or party(ies) injured by a violation of this Protective Order are fully reserved.

6

1

**SIGNATURES CONTINUED ON NEXT PAGE**

2

     23.    Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

3

AGREED TO:

Dated: May _____, 2008

4

                         _____

Dean P. Sperling

State Bar No. 82936

5

LAW OFFICE OF DEAN P. SPERLING

201 East Sandpointe, Suite 220

6

Santa Ana, California  92707-5742

Telephone (714) 438-8090

7

Fax No. (714) 438-8088

8

A T T O R N E Y    F O R PLAINTIFF/COUNTER-DEFENDANT

9

ULTERA SYSTEMS, INC.

10

Dated: May ____, 2008

11

                         _____

Lawrence C. Ecoff, Esq.

State Bar No. 143814

12

ECOFF, LAW & SALOMONS

280 South Beverly Drive, Suite 504

13

Beverly Hills, California 90212

Telephone: (310) 887-1850

14

Fax No. (310) 887-1855

ATTORNEYS FOR

15

DEFENDANT/COUNTER-PLAINTIFF

A D V A N C E D    M E C H A T R O N I C

16

SERVICES, INC.

17

**ORDER**

18

**UPON CONSIDERATION OF THE FOREGOING STIPULATION AND**

19

**GOOD CAUSE APPEARING THERETO, IT IS SO ORDERED.**

20

Dated:  <u>July 31, 2008</u>

21

_____

MARC L. GOLDMAN

22

UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

7